UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HAO ZHE WANG,

                               Plaintiff,

                -against-

BANK OF AMERICA CORPORATION, and
SPECIALIZED LOAN SERVICING LLC,

                              Defendants.
-------------------------------------------------------------------X

23-cv-4508 (VSB) (VF)

**OPINION & ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge**

Pending before the Court is a motion for sanctions filed by pro se Plaintiff Hao Zhe Wang against Defendants Bank of America Corporation and Specialized Loan Servicing LLC. See ECF No. 72. For the reasons stated herein, the motion for sanctions is **DENIED**.

**BACKGROUND**[1]

On December 27, 2025, Plaintiff filed a motion for sanctions against Defendants under Federal Rule of Civil Procedure 11. ECF No. 72. In this case, Plaintiff claims that Bank of America committed fraud in connection with an application to refinance Plaintiff's mortgage. In his motion for sanctions, Plaintiff accuses Defendants of misrepresenting, in their motion to dismiss, that a promissory note referenced in the amended complaint is not a mortgage agreement. ECF No. 72 at 2-3.[2]

On January 12, 2026, Defendant Bank of America opposed the motion for sanctions. ECF No. 75. Defendant Specialized Loan Servicing also filed an opposition. ECF No. 74. On January

---

[1] The Court assumes the parties' familiarity with the factual background of this case, which is recounted in the opinion of the Honorable Vernon S. Broderick. See ECF No. 32.

[2] Citations to documents on ECF are to the original page numbers in those documents.

19, 2026, Plaintiff filed a reply in further support of his motion. ECF No. 76. The Court held a conference to discuss the sanctions motion on February 26, 2026.

**DISCUSSION**

A. Legal Standard

Federal Rule of Civil Procedure 11(b) imposes a duty on attorneys and litigants "to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) (internal quotation marks omitted). "Under Rule 11, a court may sanction an attorney for, among other things, misrepresenting facts or making frivolous legal arguments." Mata v. Avianca, Inc., 678 F. Supp. 3d 443, 459 (S.D.N.Y. 2023) (citation omitted). "Merely incorrect legal statements are not sanctionable under Rule 11(b)(2)." Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 391 (2d Cir. 2003).

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." Cooter & Gell, 496 U.S. at 393; see also Bus. Guides, Inc. v. Chromatic Comm'ns Enterprises, Inc., 498 U.S. 533, 542 (1991) ("Rule 11 is aimed at curbing abuses of the judicial system") (internal quotation marks and citation omitted). Rule 11 accomplishes this purpose by authorizing courts to impose sanctions "when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." Ipcon Collections LLC v. Costco Wholesale Corp., 698 F.3d 58, 63 (2d Cir. 2012) (quoting Fed. R. Civ. 11(b)-(c)).

"When deciding whether to grant Rule 11 sanctions, the Court applies an objective standard of reasonableness, and looks to, among other factors, whether the party acted in bad

2

faith; whether they relied on a direct falsehood; and whether the claim was utterly lacking in support." Grayson v. Ressler & Ressler, 271 F. Supp. 3d 501, 526 (S.D.N.Y. 2017) (internal quotation marks and citations omitted); accord Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc., 186 F.3d 157, 166 (2d Cir. 1999). Although bad faith may be considered in assessing sanctionable conduct, it is not a requirement for Rule 11 sanctions. See Knipe v. Skinner, 19 F.3d 72, 75 (2d Cir. 1994) ("Simply put, subjective good faith provides no safe harbor.") (internal quotation marks, brackets, and ellipses omitted).

Even when a court finds that Rule 11 has been violated, "the decision whether or not to impose sanctions is a matter for the court's discretion." Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004); see also Ipcon Collections, 698 F.3d at 63 ("Sanctions may be—but need not be—imposed[.]"). In exercising that discretion, "a district court is obligated to exercise caution and restraint." Kingvision Pay-Per-View Ltd. v. Ramierez, No. 05-CV-2778 (HB), 2005 WL 1785113, at *4 (S.D.N.Y. July 28, 2005). The imposition of sanctions under Rule 11 is reserved for "extreme cases." Sorenson v. Wolfson, 170 F. Supp. 3d 622, 626 (S.D.N.Y. 2016), aff'd by, 683 F. App'x 33 (2d Cir. 2017); see also Galin v. Hamada, 283 F. Supp. 3d 189, 201 (S.D.N.Y. 2017) ("Courts have cautioned litigants that Rule 11 sanctions are reserved for extraordinary circumstances.") (internal quotation marks and citation omitted), aff'd by, 753 F. App'x 3 (2d Cir. 2018).

B. Analysis

As explained during the conference, Plaintiff's motion for sanctions is inappropriate because Plaintiff has not demonstrated that any false statement was made by Defendants to the Court. Plaintiff has not pointed to any false factual assertion, misrepresentation of the record, or fabricated evidence. Instead, it appears that Plaintiff merely disagrees with Defendants' arguments for dismissal of the complaint, which is not a basis for sanctions. Moreover, to the

extent Plaintiff points to his communications with customer service representatives or e-mails with counsel (see ECF No. 72 at 1-2), those communications cannot form the basis for sanctions under Rule 11, because the misrepresentation must have been made in a filing *to the Court*. See U.S. v. Int'l Bhd. of Teamsters, 948 F.2d 1338, 1346 (2d Cir. 1991) ("A Rule 11 violation must be based on signed pleadings, motions, or other papers."). In short, Plaintiff has not identified an appropriate basis for sanctions under Rule 11.

Plaintiff is warned that the filing of a frivolous Rule 11 motion can itself result in sanctions against the moving party. See E. Gluck Corp. v. Rothenhaus, 252 F.R.D. 175, 179 (S.D.N.Y. 2008) ("[I]n cases where the initial movant's Rule 11 motion is denied, a court may issue sanctions against the movant because 'the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions.'"). Although the Court is not imposing sanctions for the filing of the instant Rule 11 motion, Plaintiff is hereby warned that the Court may impose sanctions in the future should Plaintiff file a second frivolous Rule 11 motion.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for sanctions is **DENIED**. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 72.

**SO ORDERED.**

DATED:      New York, New York
            April 8, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge

4